UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

EMÖKE BEICKERT and STEPHANIE KUSHNER,

                                        Plaintiffs,

          -against-

NEW YORK CITY DEPARTMENT OF EDUCATION

                                        Defendant.

------------------------------------------------------------------------ x

**ANSWER WITH RESPECT TO THE CLAIM OF EMÖKE BEICKERT**

No. 22-cv-05265

        Defendant, New York City Department of Education, as and for its Answer to that part of the Complaint dated September 2, 2022 (ECF No. 1) that pertains to Plaintiff Emöke Beickert ("Beickert") respectfully alleges as follows:

        1.     DENIES the allegations in paragraph 1, except ADMITS that Beickert is purporting to proceed as set forth therein and refers to the Complaint for the allegations therein and relief sought.

        2.     DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, except ADMITS that Beickert was employed by Defendant.

        3.     Defendant is not required to respond to the allegations in paragraph 3 because it has filed a motion to dismiss Stephanie Kushner's claim.

        4.     DENIES the allegations in paragraph 4, except ADMITS that Defendant employs more than 500 employees and had been Beickert's employer.

        5.     DENIES the allegation in paragraph 5, except ADMITS that Beickert purports to invoke the Court's jurisdiction pursuant to the statutes cited and refers the Court to those statutes for the contents thereof.

6. DENIES the allegation in paragraph 6, except ADMITS that Beickert claims venue is proper and refers the Court to the statutes cited therein for the contents thereof.

7. DENIES the allegation in paragraph 7.

8. DENIES the allegations in paragraph 8, except DENIES knowledge or information sufficient to form a belief as to the truth of the allegations regarding Beickert filing a charge of discrimination with the U.S. Equal Employment Opportunity Commission.

9. DENIES knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 9, except refers to the "Notice of Right to Sue" that was attached as Exhibit A to the Complaint.

10. DENIES knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 10.

11. Defendant is not required to respond to the allegations in paragraph 11 because it has filed a motion to dismiss Stephanie Kushner's claim.

12. Defendant is not required to respond to the allegations in paragraph 12 because it has filed a motion to dismiss Stephanie Kushner's claim.

13. Defendant is not required to respond to the allegations in paragraph 13 because it has filed a motion to dismiss Stephanie Kushner's claim.

**ALLEGATIONS: EMÖKE BEICKERT**

14. DENIES the allegation in paragraph 14, except ADMITS that Beickert was employed by Defendant.

15. DENIES the allegation in paragraph 15, except ADMITS that Beickert was placed on Leave Without Pay Status on October 15, 2021.

16. DENIES the allegation in paragraph 16, except ADMITS that Beickert was employed by Defendant.

17. DENIES the allegations in paragraph 17.

18. DENIES the allegations in paragraph 18, except ADMITS that the City of New York and the United Federation of Teachers met to negotiate over the impact of then-Commissioner of the New York City Department of Health and Mental Hygiene's ("DOHMH"), David A. Chokshi, Order requiring all DOE employees to show proof of at least one dose of vaccination against COVID-19 by September 27, 2021, and refers to the notification referred to therein for the contents thereof.

19. DENIES the allegations in paragraph 19, except ADMITS that on September 10, 2021, Arbitrator Martin F. Scheinman issued a decision concerning the impact of then-Commissioner Chokshi's Order and respectfully refers the Court to that decision for a full and accurate statement of its contents.

20. DENIES knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 20.

21. DENIES the allegations in paragraph 21, except ADMITS that Beickert submitted a letter, dated September 17, 2021, that requested a religious exemption from the vaccine mandate and respectfully refers the Court to that letter for a full and accurate statement of its contents.

22. DENIES the allegations in paragraph 22, except ADMITS that Beickert submitted a letter, dated September 17, 2021, and respectfully refers the Court to that letter for a full and accurate statement of its contents.

23. DENIES the allegations in paragraph 23, except ADMITS that Defendant notified Beickert via e-mail, dated September 22, 2021, that her request for a religious exemption was denied and respectfully refers the Court to that e-mail for a full and accurate statement of its contents.

24. DENIES the allegations in paragraph 24.

25. DENIES the allegations in paragraph 25 and respectfully refers the Court to the e-mail referenced therein for a full and accurate statement of its contents.

26. DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26.

27. DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27, except ADMITS that an arbitrator denied Beickert's application for a religious exemption in a decision dated September 28, 2021.

28. DENIES the allegations in paragraph 28 and respectfully refers the Court to the e-mail referenced therein for a full and accurate statement of its contents.

29. DENIES the allegations in paragraph 29, except respectfully refers the Court to the referenced e-mail for a full and accurate statement of its contents.

30. DENIES the allegations in paragraph 30, except ADMITS that Beickert submitted a letter to the Citywide Panel, dated November 29, 2021, and respectfully refers the Court to that letter for a full and accurate statement of its contents.

31. DENIES the allegations in paragraph 31, except respectfully refers the Court to the referenced e-mails for a full and accurate statement of their contents.

32. DENIES the allegations in paragraph 32, except ADMITS that the Citywide Panel denied Beickert's appeal via e-mail, dated January 26, 2022, and respectfully refers the Court to the referenced e-mail for a full and accurate statement of its contents.

33. DENIES the allegation in paragraph 33.

34. DENIES the allegation in paragraph 34.

35. DENIES the allegations in paragraph 35.

36. DENIES the allegation in paragraph 36.

37. DENIES the allegations in paragraph 37, except ADMITS that prior to the vaccine mandate, Defendant instituted extensive protocols to protect the safety of students and school personnel.

38. DENIES the allegations in paragraph 38.

39. DENIES the allegations in paragraph 39, except DENIES knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Beickert is aware of or the contents of unidentified news reports.

40. DENIES the allegations in paragraph 40, except respectfully refers the Court to the referenced e-mail for a full and accurate statement of its contents.

41. DENIES the allegations in paragraph 41, except ADMITS that Beickert did not provide Defendant with proof that she got vaccinated.

42. DENIES the allegation in paragraph 42, except respectfully refers the Court to the referenced e-mail for a full and accurate statement of its contents.

43. DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43.

44. DENIES the allegation in paragraph 44.

## ALLEGATIONS: STEPHANIE KUSHNER

45. Defendant is not required to respond to the allegations in paragraph 45 because it has filed a motion to dismiss Stephanie Kushner's claim.

46. Defendant is not required to respond to the allegations in paragraph 46 because it has filed a motion to dismiss Stephanie Kushner's claim.

47. Defendant is not required to respond to the allegations in paragraph 47 because it has filed a motion to dismiss Stephanie Kushner's claim.

48. Defendant is not required to respond to the allegations in paragraph 48 because it has filed a motion to dismiss Stephanie Kushner's claim.

49. Defendant is not required to respond to the allegations in paragraph 49 because it has filed a motion to dismiss Stephanie Kushner's claim.

50. Defendant is not required to respond to the allegations in paragraph 50 because it has filed a motion to dismiss Stephanie Kushner's claim.

51. Defendant is not required to respond to the allegations in paragraph 51 because it has filed a motion to dismiss Stephanie Kushner's claim.

52. Defendant is not required to respond to the allegations in paragraph 52 because it has filed a motion to dismiss Stephanie Kushner's claim.

53. Defendant is not required to respond to the allegations in paragraph 53 because it has filed a motion to dismiss Stephanie Kushner's claim.

54. Defendant is not required to respond to the allegations in paragraph 54 because it has filed a motion to dismiss Stephanie Kushner's claim.

55. Defendant is not required to respond to the allegations in paragraph 55 because it has filed a motion to dismiss Stephanie Kushner's claim.

56. Defendant is not required to respond to the allegations in paragraph 56 because it has filed a motion to dismiss Stephanie Kushner's claim.

57. Defendant is not required to respond to the allegations in paragraph 57 because it has filed a motion to dismiss Stephanie Kushner's claim.

58. Defendant is not required to respond to the allegations in paragraph 58 because it has filed a motion to dismiss Stephanie Kushner's claim.

59. Defendant is not required to respond to the allegations in paragraph 59 because it has filed a motion to dismiss Stephanie Kushner's claim.

60. Defendant is not required to respond to the allegations in paragraph 60 because it has filed a motion to dismiss Stephanie Kushner's claim.

61. Defendant is not required to respond to the allegations in paragraph 61 because it has filed a motion to dismiss Stephanie Kushner's claim.

62. Defendant is not required to respond to the allegations in paragraph 62 because it has filed a motion to dismiss Stephanie Kushner's claim.

63. Defendant is not required to respond to the allegations in paragraph 63 because it has filed a motion to dismiss Stephanie Kushner's claim.

64. Defendant is not required to respond to the allegations in paragraph 64 because it has filed a motion to dismiss Stephanie Kushner's claim.

65. Defendant is not required to respond to the allegations in paragraph 65 because it has filed a motion to dismiss Stephanie Kushner's claim.

66. Defendant is not required to respond to the allegations in paragraph 66 because it has filed a motion to dismiss Stephanie Kushner's claim.

67. Defendant is not required to respond to the allegations in paragraph 67 because it has filed a motion to dismiss Stephanie Kushner's claim.

68. Defendant is not required to respond to the allegations in paragraph 68 because it has filed a motion to dismiss Stephanie Kushner's claim.

69. Defendant is not required to respond to the allegations in paragraph 69 because it has filed a motion to dismiss Stephanie Kushner's claim.

70. Defendant is not required to respond to the allegations in paragraph 70 because it has filed a motion to dismiss Stephanie Kushner's claim.

71. Defendant is not required to respond to the allegations in paragraph 71 because it has filed a motion to dismiss Stephanie Kushner's claim.

72. Defendant is not required to respond to the allegations in paragraph 72 because it has filed a motion to dismiss Stephanie Kushner's claim.

73. Defendant is not required to respond to the allegations in paragraph 73 because it has filed a motion to dismiss Stephanie Kushner's claim.

74. Defendant is not required to respond to the allegations in paragraph 74 because it has filed a motion to dismiss Stephanie Kushner's claim.

75. Defendant is not required to respond to the allegations in paragraph 75 because it has filed a motion to dismiss Stephanie Kushner's claim.

76. Defendant is not required to respond to the allegations in paragraph 76 because it has filed a motion to dismiss Stephanie Kushner's claim.

77. Defendant is not required to respond to the allegations in paragraph 77 because it has filed a motion to dismiss Stephanie Kushner's claim.

78. Defendant is not required to respond to the allegations in paragraph 78 because it has filed a motion to dismiss Stephanie Kushner's claim.

79. Defendant is not required to respond to the allegations in paragraph 79 because it has filed a motion to dismiss Stephanie Kushner's claim.

80. Defendant is not required to respond to the allegations in paragraph 80 because it has filed a motion to dismiss Stephanie Kushner's claim.

81. Defendant is not required to respond to the allegations in paragraph 81 because it has filed a motion to dismiss Stephanie Kushner's claim.

82. Defendant is not required to respond to the allegations in paragraph 82 because it has filed a motion to dismiss Stephanie Kushner's claim.

83. Defendant is not required to respond to the allegations in paragraph 83 because it has filed a motion to dismiss Stephanie Kushner's claim.

84. Defendant is not required to respond to the allegations in paragraph 84 because it has filed a motion to dismiss Stephanie Kushner's claim.

85. Defendant is not required to respond to the allegations in paragraph 85 because it has filed a motion to dismiss Stephanie Kushner's claim.

86. Defendant is not required to respond to the allegations in paragraph 86 because it has filed a motion to dismiss Stephanie Kushner's claim.

87. Defendant is not required to respond to the allegations in paragraph 87 because it has filed a motion to dismiss Stephanie Kushner's claim.

88. Defendant is not required to respond to the allegations in paragraph 88 because it has filed a motion to dismiss Stephanie Kushner's claim.

89. Defendant is not required to respond to the allegations in paragraph 89 because it has filed a motion to dismiss Stephanie Kushner's claim.

90. Defendant is not required to respond to the allegations in paragraph 90 because it has filed a motion to dismiss Stephanie Kushner's claim.

91. Defendant is not required to respond to the allegations in paragraph 91 because it has filed a motion to dismiss Stephanie Kushner's claim.

92. Defendant is not required to respond to the allegations in paragraph 92 because it has filed a motion to dismiss Stephanie Kushner's claim.

**COUNT ONE: VIOLATION OF TITLE VII (BEICKERT)**

93. DENIES the allegations in paragraph 93.

94. DENIES the allegations in paragraph 94 and respectfully refers the Court to the statute cited therein for a complete and accurate statement of its contents.

95. DENIES the allegations in paragraph 95 and respectfully refers the Court to the cases cited therein for a complete and accurate statement of their contents.

96. DENIES the allegation in paragraph 96.

97. DENIES the allegations in paragraph 97.

**COUNT TWO: VIOLATION OF TITLE VII (KUSHNER)**

98. Defendant is not required to respond to the allegations in paragraph 98 because it has filed a motion to dismiss Stephanie Kushner's claim.

99. Defendant is not required to respond to the allegations in paragraph 99 because it has filed a motion to dismiss Stephanie Kushner's claim.

100. Defendant is not required to respond to the allegations in paragraph 100 because it has filed a motion to dismiss Stephanie Kushner's claim.

101. Defendant is not required to respond to the allegations in paragraph 101 because it has filed a motion to dismiss Stephanie Kushner's claim.

102. Defendant is not required to respond to the allegations in paragraph 102 because it has filed a motion to dismiss Stephanie Kushner's claim.

### DEFENDANT'S FIRST AFFIRMATIVE DEFENSE

103. Beickert fails to state a claim upon which relief can be granted.

### DEFENDANT'S SECOND AFFIRMATIVE DEFENSE

104. Beickert has failed to satisfy all conditions precedent to bringing this action.

### DEFENDANT'S THIRD AFFIRMATIVE DEFENSE

105. Beickert has failed to mitigate her damages.

### DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE

106. Defendant had legitimate, non-discriminatory reasons for its actions.

### DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE

107. Beickert's request for a religious exemption from the COVID-19 vaccination requirement imposed an undue burden on Defendant.

### DEFENDANT'S SIXTH AFFIRMATIVE DEFENSE

108. Beickert does not have a bona fide or sincerely held religious belief that conflicts with an employment requirement.

Dated:     New York, New York
             December 5, 2022

                        **HON. SYLVIA O. HINDS-RADIX**
                        Corporation Counsel of the
                          City of New York
                        Attorney for Defendant
                        100 Church Street, Second Floor
                        New York, New York 10007
                        (212) 356-2442
                        jreynold@law.nyc.gov

                        By:    */s/* Joseph Reynolds
                                Joseph B. Reynolds
                                Assistant Corporation Counsel

To:     Plaintiffs' counsel