22 CV 05265 (DLI) (VMS)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

EMÖKE BEICKERT and STEPHANIE KUSHNER,

                              Plaintiffs,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                              Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT AS TO STEPHANIE KUSHNER**

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street, Second Floor*
*New York, New York 10007*

*Of Counsel*: Joseph B. Reynolds
Tel.:  (212) 356-2442

DATE SERVED: December 5, 2022

Matter No.: 2022-056278

## PRELIMINARY STATEMENT

Plaintiff Stephanie Kushner ("Kushner")[1] alleges that Defendant, New York City Department of Education (sometimes referred to as "DOE" or Defendant), violated Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, by failing to accommodate her request for a religious exemption from the requirement to be vaccinated from COVID-19, a virus that has claimed well over 1,000,000 lives in the United States including over 9,600 lives in the past 30 days.[2] Kushner's failure to accommodate claim should be dismissed because the Complaint makes patently clear that her accommodation request was predicated on her personal belief that "longer term testing . . . is necessary to ensure that the currently available COVID-19 vaccines are truly safe and effective and will not adversely affect her health." ECF No. 1 (Compl.) ¶52. In other words, Kushner's objection to being vaccinated is not rooted in a bona fide religious belief but, rather, her personal concern that the vaccine might not be truly safe. As demonstrated more fully below, Kushner's personal objection cannot serve as the basis for a failure to accommodate her religious beliefs under Title VII. Further, Kushner's refusal to get vaccinated imposed an undue burden on DOE's ability to maintain a safe environment for students, teachers, staff and others who work or visit the school Kushner was assigned. Accordingly, Kushner's failure to accommodate claim should be dismissed.

---

[1] Plaintiffs Emöke Beickert and Stephanie Kushner both filed claims for failure to accommodate. This motion to dismiss is only directed to Kushner's claim.

[2] See https://covid.cdc.gov/covid-data-tracker/#global-counts-rates (last visited Dec. 5, 2022).

## KUSHNER'S FACTUAL ALLEGATIONS[3]

Kushner alleges that she was employed by DOE from September 17, 1999, until February 11, 2022, most recently as a full-time special education teacher at Nathaniel Hawthorne Middle School. ECF No. 1 (Compl.) ¶¶45, 47. Kushner claims that she was notified on August 23, 2021, that she would be required to provide proof that she received at least one dose of a COVID-19 vaccine, effective September 27, 2021. Id. ¶49. Kushner alleges that the teacher's union invoked "impact bargaining" on the issues of non-compliance with the vaccination requirement and exemptions for religious or medical reasons. Id. According to Kushner, an arbitrator decided the impact bargaining and ruled that employees could submit requests for religious exemptions accompanied by a writing from a religious official but such requests would be denied if the leader of the religious organization publicly spoke in favor of the vaccine, the documentation was "readily available," or the stated objection to being vaccinated was "personal, political, or philosophical in nature." Id. ¶50. Kushner alleges that the arbitrator's decision was later "vacated as a result of federal litigation." Id.

Kushner alleges that she submitted a request for a religious exemption from the COVID-19 vaccination requirement on September 20, 2021. Id. ¶52. According to Kushner, her request for a religious exemption was based on her observance of the "Jewish faith" and Deuteronomy 4:15, which purportedly states, "'You should be very careful to protect your life.'" Id. ¶¶51-52.

Kushner alleges that Deuteronomy 4:15 means she must care for her body and not do anything that she believes "may jeopardize" her health. Id. ¶52. According to Kushner, she "believes that longer term testing, as with other vaccines and drugs, is necessary to ensure that the

---

[3] For the purposes of this motion to dismiss only, Kushner's well-pled factual allegations are assumed to be true.

currently available COVID-19 vaccines are truly safe and effective and will not adversely affect her health." Id. Kushner further alleges that, along with her request for a religious exemption, she certified that she would comply with "any other preventative requirements such as COVID-19 testing, masks, etc. to maintain the safety of my school in order to continue my beloved profession – teaching the children of our great city." Id.

Kushner alleges that on September 22, 2021, she was notified that her request for a religious exemption was denied because she "'failed to meet the criteria for a religious based accommodation[.]'" Id. ¶53. Kushner claims that the denial of her request for a religious exemption was "baseless," "contradicted by her personal statement, and clearly demonstrates DOE's failure to review her application in good faith, if at all." Id. ¶54. Kushner also claims that the DOE did not deny her request for a religious exemption "because it would have created an undue hardship." Id. ¶55.

Kushner alleges that she appealed the denial on September 23, 2021, pursuant to the impact bargaining procedures adopted by the arbitrator, and in support of her appeal claimed that the DOE did not have the right to deny her First Amendment right to practice her religious beliefs and that she would comply with any other preventative requirements. Id. ¶56. Kushner alleges that her appeal was denied by the arbitrator without explanation and without a hearing on September 28, 2021. Id. ¶57. Kushner further alleges that she requested a hearing from the arbitrator on September 29, 2021, and was informed the next day that the "arbitrator who reviewed your case has made the determination you have received" and directed any further questions to Kushner's union. Id. Kushner acknowledges that she did not "pursue any other avenues of appeal" after September 29, 2021. Id. ¶58.

3

On September 9, 10, and 22, 2021, Kushner received an e-mail from the DOE reminding her that she needed to submit proof of receiving at least one dose of the COVID-19 vaccine by September 27, 2021, and that she was expected to receive a second dose within 45 days after receiving the first dose to comply with the COVID-19 vaccination requirement. Id. ¶¶59-60. On September 24, 2021, Kushner received an e-mail from the DOE reminding her of the September 27, 2021, deadline and that failing to submit proof would result in her being removed from payroll and being placed on Leave Without Pay ("LWOP") status on September 28, 2021, unless she had an approved exemption or was on an approved leave. Id. ¶61. Kushner received e-mails on September 28 and 30, 2021, extending the deadline to submit proof of receiving at least one dose of the COVID-19 vaccine to October 1, 2021, and informing her that failure to submit proof would result in being placed on LWOP status beginning October 4, 2021. Id. ¶62.

On October 2, 2021, Kushner received an email from "DOE Human Capital" informing her that she was placed on LWOP status and was prohibited from reporting to her assigned school because she was not in compliance with the COVID-19 vaccine mandate. Id. ¶63. According to Kushner, this email further stated that she could not work, receive compensation, enter her work or school site, use annual leave, use cumulative absence reserve, or communicate with students or families while on LWOP status. Id. Kushner alleges that this email further informed her that she could return from LWOP status by uploading proof that she received her first dose of the COVID-19 vaccine. Id. On November 2, 2021, Kushner received an email from "DOE Human Capital" informing her that she could return from LWOP status by getting vaccinated or waiving her legal rights and extending her LWOP status with health insurance coverage through September 6, 2022. Id. ¶64. If Kushner did not choose to avail herself of either option, she was informed that the DOE

4

would seek to "unilaterally separate you from service" starting December 1, 2021. Id. Kushner did not agree to either option. Id. ¶65.

Kushner received an email on January 31, 2022, from "DOE Division of Human Resources" that her employment was terminated, effective February 11, 2022, because she failed to comply with the "New York City Health Commissioner's Order requiring vaccination of all New York City Department of Education staff." Id. ¶73.

Kushner alleges that the DOE never engaged in a good faith interactive process with respect to her request for a religious exemption, never questioned the sincerity of her religious objections, and never conducted an individualized review of her job site or job duties to determine if her religious objections could be accommodated. Id. ¶¶66-68. Kushner further alleges that it would not have been an undue burden on the DOE to grant her a religious exemption. Id. ¶69. In furtherance of this allegation, Kushner claims that prior to the city-wide vaccine mandate, during the September 2020 to June 2021 school year she followed "rigorous COVID-19 safety protocols," including completing a daily health questionnaire, wearing a mask, socially distancing when possible, regularly using hand sanitizer, using sanitizing wipes to wipe down surfaces, voluntarily getting tested for COVID-19 when her principal emailed her that she had been in close contact with a person who tested positive, and testing for COVID-19 once per week beginning in September 2021. Id. ¶70. Kushner alleges that it would not have caused an undue hardship on the DOE to permit her to continue following these same or similar precautions instead of requiring her to be vaccinated. Id. ¶71. Kushner further claims that it would not have been an undue hardship to grant her a religious exemption because she is "aware" of other teachers whose requests were granted, including being allowed to work remotely, and that news reports stated that the "DOE granted hundreds of exemptions to the mandatory COVID-19 vaccination policy." Id. ¶72.

## ARGUMENT

## KUSHNER FAILS TO STATE A CLAIM OF FAILURE TO ACCOMMODATE

**I.   KUSHNER'S ACCOMMODATION REQUEST WAS NOT BASED ON A SINCERELY HELD RELIGIOUS BELIEF BUT RATHER HER OPINION THAT THE COVID VACCINE HAD NOT BEEN TESTED LONG ENOUGH TO ENSURE THAT IT WAS SAFE**

To state a claim for failure to accommodate her religious beliefs under Title VII, Kushner must set forth factual allegations demonstrating that 1) she holds a bona fide religious belief that conflicts with an employment requirement; 2) she informed the DOE of her bona fide religious belief; and 3) she was disciplined for failing to comply with the conflicting employment requirement. Baker v. Home Depot, 445 F.3d 541, 546 (2d Cir. 2006). If a plaintiff establishes a prima facie case, the employer must offer the employee a reasonable accommodation, unless doing so would cause an undue hardship. Id.

In the Complaint, Kushner alleges that she "observes the Jewish faith" and requested a religious exemption from the COVID-19 vaccination requirement based on Deuteronomy 4:15. ECF No. 1 (Compl.) ¶¶51-52. Kushner's mere invocation of a bible verse is insufficient to establish that she holds a religious belief against being vaccinated. See Mason v. Gen. Brown Cent. Sch. Dist., 851 F.2d 47, 51 (2d Cir. 1988) (asserting that one's belief is religious "does not [] automatically mean that the belief is religious"). Rather, Kushner must show that her "espoused beliefs . . . do in fact stem from religious convictions and have not merely been framed in terms of religious belief so as to gain the legal remedy desired." Sherr v. Northport-East Northport Union Free Sch. Dist., 672 F. Supp. 81, 94 (E.D.N.Y. 1987).

According to Kushner, Deuteronomy 4:15 means that she must care for her body and "do nothing that . . . jeopardize[s] my health." ECF No. 1 (Compl.) ¶52. Even taking Kushner's reading

of this biblical passage at face value,[4] Kushner implicitly acknowledges that Deuteronomy 4:15 does not prevent her from getting vaccinated but, rather, she "believes that longer term testing, as with other vaccines and drugs, is necessary to ensure that the currently available COVID-19 vaccines are truly safe and effective and will not adversely affect her health." Id. Kushner's concern about the safety and efficacy of the COVID-19 vaccines is a personal or medical concern, not a religious belief. See Check v. N.Y.C. Dep't of Educ., 2013 U.S. Dist. LEXIS 71124, at *8 (E.D.N.Y. May 20, 2013) (plaintiff's "aversion to immunization . . . based on her conviction that vaccines pose a severe medical risk to her child's welfare" was not a "proper basis for a religious exemption"); Caviezel v. Great Neck Pub. Sch., 701 F. Supp. 2d 414, 430 (E.D.N.Y. 2010) (plaintiff's belief that "vaccinations may not be safe" was "not of a religious nature."). See also Marte v. Montefiore Med. Ctr., 2022 U.S. Dist. LEXIS 186884, at *9 (S.D.N.Y. Oct. 12, 2022) (plaintiff's allegation that she was "'unwilling to receive the COVID-19 vaccinations'" did not allege a religious belief). Beliefs, no matter how sincere, that are based on "secular or scientific principles" or that are "philosophical and personal" are not religious. See Mason, 851 F.2d at 52; see also Wisconsin v. Yoder, 406 U.S. 205, 215, 92 S. Ct. 1526, 1533 (1972) ("A way of life, however virtuous and admirable, may not be interposed as a barrier to reasonable state regulation

---

[4] Deuteronomy 4:15 does not state, as Kushner claims, that "You should be very careful to protect your life." ECF No. 1 (Compl.) ¶52. In the Torah, Deuteronomy 4:15 states: "For your own sake, therefore, be most careful—since you saw no shape when the Lord your God spoke to you at Horeb out of the fire." Reynolds Decl. Exh. A. See also https://mechon-mamre.org/p/pt/pt0504.htm ("Take ye therefore good heed unto yourselves--for ye saw no manner of form on the day that the LORD spoke unto you in Horeb out of the midst of the fire"). The King James version translates Deuteronomy 4:15 as stating, "Take ye therefore good heed unto yourselves; for ye saw no manner of similitude on the day *that* the Lord spake unto you in Horeb out of the midst of the fire." Reynolds Decl. Exh. B (emphasis in original). The Court may consider these documents in deciding this motion to dismiss because Kushner's reliance and citation to Deuteronomy 4:15 is integral to her claim in the Complaint. See Holowecki v. Fed. Express Corp., 440 F.3d 558, 565-66 (2d Cir. 2006).

of education if it is based on purely secular considerations; to have the protection of the Religion Clauses, the claims must be rooted in religious belief").

Based on the foregoing, the DOE properly denied Kushner's request for a religious exemption because she "failed to meet the criteria for a religious based accommodation." Compl. ¶53. Accordingly, Kushner's failure to accommodate claim should be dismissed because her request to be exempted against being vaccinated was based on her own personal or medical objection that the available COVID-19 vaccines, in Kushner's view, were insufficiently tested.

## II. KUSHNER'S REQUEST FOR A RELIGIOUS EXEMPTION IMPOSED AN UNDUE BURDEN ON THE DOE

A requested accommodation imposes an undue burden on an employer "whenever it results in more than a de minimis cost." Baker, 445 F.3d at 548 (internal quotations omitted). In the position statement DOE filed in opposition to Kushner's EEOC charge of discrimination, DOE explained that Kushner is a "school-based employee whose essential functions require close contact with students and others in a school-setting. She cannot perform those functions unvaccinated . . . ." Reynolds Decl. Exh. C at 6. This is because allowing Kushner to "remain in school settings unvaccinated, even with other safeguards like masking and testing, would present an unacceptable risk to schoolchildren, staff, and others." Id. at 5.

The undue burden identified by the DOE was particularly salient because, at the time Kushner requested an exemption from the requirement to be vaccinated, "Many of the more than one million students who learn within the NYC DOE school system network are still too young to be vaccinated, to say nothing of particularly vulnerable students who are immunocompromised, or have family members who are." Broecker v. N.Y.C. Dep't of Educ., 585 F. Supp. 3d 299, 322 (E.D.N.Y. 2022). Further, as of February 11, 2022, "COVID-19 has killed more than 5.7 million people worldwide. More than 900,000 of those deaths have taken place in the United States." Id.

8

at 322-23. The "[a]vailable scientific and medical data supports the use of vaccination as a lifesaving public policy measure, as data from the 'Centers for Disease Control and Prevention shows that people who are unvaccinated are at a much greater risk than those who are fully vaccinated to die from Covid-19.'" Id. at 323.

When Kushner's non-religious medical concern about getting vaccinated is juxtaposed with her insistence that she be permitted to work closely with students and other DOE employees in an in-person school setting, it is clear that the accommodation she seeks imposed an extraordinarily undue burden on the DOE. As the court noted in Kane v. De Blasio, 2022 U.S. Dist. LEXIS 154260, at *38 (S.D.N.Y. Aug. 26, 2022), a plaintiff's "inability to teach [her] students safely in person presents more than a de minimis cost." (emphasis in original).

### III. KUSHNER SHOULD NOT BE PERMITTED LEAVE TO AMEND

As demonstrated above, Kushner's stated objection to getting vaccinated does not qualify as a religious belief, and her inability to safely teach her students in person without being vaccinated imposed an undue burden. See Kane, 2022 U.S. Dist. LEXIS 154260, at *38. Leave to amend should be denied. See Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (leave to amend may properly be denied when amendment would be futile).

## CONCLUSION

Based on the foregoing, the DOE respectfully requests that Kushner's claim for failure to accommodate be dismissed with prejudice and that the Court grant any such other and further relief as it deems just and appropriate.

Dated:     New York, New York
           December 5, 2022

                              **HON. SYLVIA O. HINDS-RADIX**
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendant
                              100 Church Street, 2nd Floor
                              New York, New York 10007
                              (212) 356-2442
                              jreynold@law.nyc.gov

                       By:    **/s/ Joseph Reynolds**
                              Joseph B. Reynolds
                              Assistant Corporation Counsel