UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

EMÖKE BEICKERT and
STEPHANIE KUSHNER,

                Plaintiffs,

      v.                               **Case No. 22-CV-5265-DLI-VMS**

NEW YORK CITY DEPARTMENT
OF EDUCATION,

                Defendant.

**<u>PLAINTIFF KUSHNER'S MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS HER CLAIM</u>**

Steven M. Warshawsky, Esq.
The Warshawsky Law Firm

Andrea Paparella, Esq.
Law Office of Andrea Paparella, PLLC

*Attorneys for Plaintiffs*

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................................................... 1

TABLE OF AUTHORITIES ..................................................................................................... 2

PRELIMINARY STATEMENT ............................................................................................... 4

STANDARD OF REVIEW ........................................................................................................ 5

STATEMENT OF FACTS ......................................................................................................... 5

LEGAL FRAMEWORK ............................................................................................................ 8

ARGUMENT ............................................................................................................................. 10

   1.  Plaintiff Kushner Plausibly Alleges A Prima Facie Case Of Discriminatory Failure To Accommodate. .................................................................................................. 10

   2.  Defendant's Argument That Kushner Lacks A Bona Fide Religious Belief Is Improper On A Motion To Dismiss................................................................................ 10

   3.  DOE's Failure To Engage In The Interactive Process Precludes Defendant's Challenge To The Bona Fides Of Kushner's Religious Objection To The COVID-19 Vaccination Policy................................................................................................ 13

   4.  Granting Kushner A Religious Exemption Would Not Have Caused DOE An Undue Hardship ................................................................................................................ 15

CONCLUSION ......................................................................................................................... 18

EXHIBIT A ............................................................................................................................ End

# **TABLE OF AUTHORITIES**

**Cases**

*Adeyeye v. Heartland Sweeteners, LLC*, 721 F.3d 444 (7th Cir. 2013) ............................ 14

*Ansonia Bd. of Educ. v. Philbrook*, 479 U.S. 60 (1986) ........................................................ 9

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) ................................................................................ 5

*Augustus v. Brookdale Hosp. Med. Ctr.*, 13-CV-5374(DLI), 2015 WL 5655709
  (E.D.N.Y. Sept. 24, 2015) ................................................................................................ 9

*Baker v. Home Depot*, 445 F.3d 541 (2d Cir. 2006) .......................................................... 9

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................ 5

*Broecker v. New York City Dept. of Ed.*, 585 F. Supp.3d 299 (E.D.N.Y. 2022) ................ 17

*EEOC v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768 (2015) ........................................ 8

*EEOC v. Abercrombie & Fitch Stores, Inc.*, 798 F. Supp.2d 1272 (N.D. Okla. 2011),
  *rev'd*, 731 F.3d 1106 (10th Cir. 2013), *rev'd and remanded*, 575 U.S. 768 (2015) ..... 12

*EEOC v. AutoNation USA Corp.*, 52 Fed. Appx. 327, 2002 WL 31650749
  (9th Cir. Nov. 22, 2002) ................................................................................................ 15

*EEOC v. Unión Independiente de la Autoridad de Acueductos y Alcantarillados
  de Puerto Rico*, 279 F.3d 49 (1st Cir. 2002) ................................................................ 12

*Elmenayer v. ABF Freight Sys.*, 98-CV-4061(JG), 2001 WL 1152815
  (E.D.N.Y. Sept. 20, 2001) .............................................................................................. 13

*Ford v. Bernard Fineson Dev. Ctr.*, 81 F.3d 304 (2d Cir. 1996) ....................................... 11

*Jamil v. Sessions*, 14-CV-2355(PKC), 2017 WL 913601 (E.D.N.Y. Mar. 6, 2017) ....... 9,13

*Kane v. De Blasio*, 21-CV-7863(NRB), 21-CV-8773(NRB), 2022 WL 3701183
  (S.D.N.Y. Aug. 26, 2022) .............................................................................................. 17

*Palin v. New York Times Company*, 940 F.3d 804 (2d Cir. 2019) ................................... 12

*Philbrook v. Ansonia Bd. of Educ.*, 757 F.2d 476 (2d Cir. 1985), *aff'd and remanded*,
  479 U.S. 60 (1985) ........................................................................................................ 11

*Pohlman v. Village of Freeport*, 19-CV-5277(DLI), 2020 WL 5878257
 (E.D.N.Y. Sept. 30, 2020) .................................................................................................. 5

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) ......................................................... 10

**Statutes and Regulations**

42 U.S.C. § 2000e-2(a)(1) ................................................................................................... 8

42 U.S.C. § 2000e(j) ........................................................................................................... 8

29 C.F.R. § 1605.1 ............................................................................................................ 11

29 C.F.R. § 1605.2(c)(1) ................................................................................................... 14

**Other Authorities**

"What You Should Know About COVID-19 and the ADA, the Rehabilitation Act,
 and Other EEO Laws" (updated July 12, 2022) (available at www.eeoc.gov) ............. 11

**PRELIMINARY STATEMENT**

Plaintiff Stephanie Kushner, by her undersigned attorneys, respectfully submits this memorandum of law in opposition to Defendant's motion to dismiss, filed December 5, 2022 (ECF 15-17), and states as follows:

This is an action for religious discrimination in violation of Title VII of the Civil Rights Act of 1964 on the grounds that Defendant failed to reasonably accommodate Plaintiffs' sincerely held religious objections to a mandatory COVID-19 vaccination policy, wrongly denied their requested religious exemptions, and as a result illegally terminated their employment. Importantly, Plaintiffs are not challenging the legal validity of the underlying COVID-19 vaccination policy. Consequently, previous judicial decisions upholding the constitutional and statutory authority of COVID-19 vaccine mandates are inapposite. Rather, Plaintiffs are asserting their *individual right* to a *reasonable accommodation* to the policy, which is guaranteed by Title VII.

Defendant moves to dismiss Plaintiff Kushner's claim (but not Plaintiff Beickert's claim), pursuant to Fed. R. Civ. P. 12(b)(6), on the grounds that (i) "Kushner's objection to being vaccinated is not rooted in a bona fide religious belief but, rather, her personal concern that the vaccine might not be truly safe" and (ii) "Kushner's refusal to get vaccinated imposed an undue burden on DOE's ability to maintain a safe environment for students, teachers, staff and others who work [at] or visit the school Kushner was assigned." (Def. Memo. at 1).

Defendant's motion should be denied. The Complaint plausibly alleges each element of Plaintiff's prima facie case for discriminatory failure to accommodate (Point One), including that Kushner has asserted a bona fide religious objection to the

4

COVID-19 vaccination policy (Point Two). Furthermore, DOE's failure to engage in the interactive process with Kushner – in particular, its failure to ask her any follow-up questions to explain her religious beliefs – should preclude DOE from challenging the sincerity of her religious objection to the COVID-19 vaccine on a motion to dismiss (Point Three). Lastly, based on the allegations in the Complaint, which Defendant ignores in its motion, DOE cannot establish its affirmative defense of undue hardship as a matter of law (Point Four). Accordingly, Defendant's motion should be denied and Plaintiff Kushner's claim should be allowed to proceed on the merits.

## STANDARD OF REVIEW

The "plausibility" standard of review applicable to the present motion is well established. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) (following *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *Pohlman v. Village of Freeport*, 19-CV-5277(DLI), 2020 WL 5878257, at *2 (E.D.N.Y. Sept. 30, 2020). In the interest of brevity, this language will not be repeated here, except to underscore that "[o]n a motion to dismiss for failure to state a claim, a court accepts as true all well pled factual allegations and draws all reasonable inferences in the plaintiff's favor." *Id.*

## STATEMENT OF FACTS

Plaintiffs' Complaint provides a detailed chronology of the events in this case. For purposes of the present motion, the essential facts are as follows:

Kushner was employed by DOE as a full-time special education teacher assigned to Nathaniel Hawthorne Middle School in Bayside, New York. Compl. ¶¶ 45,47. On August 23, 2021, Kushner was notified that "[e]ffective September 27, all DOE employees are required to provide proof that they have received at least one dose of the

COVID-19 vaccine." *Id.* ¶ 49. The teacher's union invoked impact bargaining over this issue, which resulted in an arbitrator's decision establishing certain procedures for requesting exemptions to the COVID-19 vaccination policy and appealing denials of such exemptions. *Id.* ¶¶ 49-50.

Kushner, who observes the Jewish faith, submitted a request for a religious exemption on September 20, 2021. Compl. ¶¶ 51-52. A true and correct copy of Kushner's exempion letter is attached hereto as Exhibit A. Kushner's request was based on the biblical teaching, "You should be very careful to protect your life" (Deuteronomy 4:15), which Kushner explained means, "I must care for my body and do nothing that I believe may jeopardize my health." Compl. ¶ 52. In her personal statement, Kushner further wrote "I believe longer term testing, as in other vaccine or drug releases, is necessary to adequately assure that the current vaccines are truly safe and effective . . . ." Exhibit A.

On September 22, 2021 – a mere two days later – Kushner was notified by form letter that her request for a religious exemption was denied. The only reason given was that her application "failed to meet the criteria for a religious based accommodation," but no explanation was provided. She was given one school day in which to appeal. Compl. ¶ 53.

Kushner appealed this decision on September 23, 2021, pursuant to the arbitration decision that was then in place. In support of her appeal, Kushner emphasized that DOE "do[es] not have the right to deny me of my Constitutional right to practice my religious beliefs which are guaranteed by the First Amendment of the

6

Constitution of the United States of America . . . ." Compl. ¶ 56. Kushner's appeal was denied by the arbitrator, without explanation, on September 28, 2021. *Id.* ¶ 57.

As alleged in the Complaint: DOE never engaged in a good faith interactive process with Kushner to determine whether or not her religious exemption should be granted. Compl. ¶ 66. DOE never questioned or denied the sincerity of Kushner's religious objections to the COVID-19 vaccines. *Id.* ¶ 67. DOE never conducted an individualized review of Kushner's job site or job duties to determine if her religious objections to the COVID-19 vaccine could be reasonably accommodated. *Id.* ¶ 68. It would not have caused an undue hardship on the conduct of DOE's business to grant Kushner the religious exemption. *Id.* ¶ 69.

On October 2, 2021, Kushner received an email from DOE Human Capital stating that she was being placed on LWOP, and was prohibited from reporting to her school site on October 4 (Monday), "because you are not in compliance with the DOE's COVID-19 Vaccine Mandate." Compl. ¶ 63. The October 2 email explained that to return from LWOP status, Kushner must "upload proof that you have received your first dose of a COVID-19 vaccine." *Id.*

On November 2, 2021, Kushner received an email from DOE Human Capital explaining she had two available options for (1) returning from LWOP by getting the vaccine or (2) extending LWOP with health insurance coverage through September 6, 2022, by waiving her legal rights. In the absence of either option, she was informed that "the DOE will seek to unilaterally separate you from service beginning December 1, 2021." Compl. ¶ 64. Kushner did not agree to either option. *Id.* ¶ 65.

When Kushner continued to abide by her good faith religious objections to the COVID-19 vaccine, on January 31, 2022, she received an email from DOE Division of Human Resources informing her that her employment was terminated, effective February 11, 2022, for "failure to comply with the New York City Health Commissioner's Order requiring vaccination of all New York City Department of Education staff." Compl. ¶ 73.

## LEGAL FRAMEWORK

Title VII declares it unlawful, *inter alia*, "for an employer . . . to discharge any individual . . . because of such individual's . . . religion . . . ." 42 U.S.C. § 2000e-2(a)(1). Title VII further defines "religion" to include "all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business." *Id.* § 2000e(j).

Significantly, the Supreme Court has emphasized: "Title VII does not demand mere neutrality with regard to religious practices – that they be treated no worse than other practices. Rather, it gives them favored treatment, affirmatively obligating employers not 'to fail or refuse to hire or discharge any individual . . . because of such individual's' 'religious observance and practice.' . . . Title VII requires otherwise neutral policies to give way to the need for an accommodation." *EEOC v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 775 (2015) (citation omitted).

"Under a Title VII religious discrimination claim, a plaintiff may claim a violation under theories of either denial of reasonable accommodation or disparate

8

treatment." *Augustus v. Brookdale Hosp. Med. Ctr.*, 13-CV-5374(DLI), 2015 WL 5655709, at *3 (E.D.N.Y. Sept. 24, 2015) (internal quotation marks and citation omitted). In the case at bar, Plaintiffs assert failure to accommodate claims. To make out a prima facie case of failure to accommodate, a plaintiff must show (1) she held a bona fide religious belief conflicting with an employment requirement; (2) she informed her employer of this belief; and (3) she was disciplined for failing to comply with the conflicting employment requirement. *See Baker v. Home Depot*, 445 F.3d 541, 546 (2d Cir. 2006) (citation omitted); *Jamil v. Sessions*, 14-CV-2355(PKC), 2017 WL 913601, at *7 (E.D.N.Y. Mar. 6, 2017) (applying *Baker*).

Once a prima facie case is established by the employee, the employer "must offer [him or her] a reasonable accommodation, unless doing so would cause the employer to suffer an undue hardship." *Baker*, 445 F.3d at 546 (citation omitted); *see also Ansonia Bd. of Educ. v. Philbrook*, 479 U.S. 60, 68 (1986) ("The employer violates the statute unless it 'demonstrates that [it] is unable to reasonably accommodate . . . an employee's . . . religious observance or practice without undue hardship on the conduct of the employer's business'.") (quoting 42 U.S.C. § 2000e(j)). "A reasonable accommodation is one that 'eliminates the conflict between employment requirements and religious practices'." *Jamil*, 2017 WL 913601, at *10 (quoting *Ansonia*, 479 U.S. at 70) (additional quotation marks and citation omitted).

In the case at bar, the reasonable accommodation in question was exempting Kushner from the COVID-19 vaccine requirement – which was the only way to eliminate the conflict between the policy and her religious beliefs and practices – while following other COVID-19 safety precautions (daily health questionnaire, weekly

9

COVID-19 testing, wearing a mask at all times during the workday, classroom sanitizing practices, and social distancing protocols). Compl. ¶¶ 70-71.

## ARGUMENT

### 1. Plaintiff Kushner Plausibly Alleges A Prima Facie Case Of Discriminatory Failure To Accommodate.

In the Complaint, Plaintiff Kushner plausibly alleges a prima facie case of discriminatory failure to accommodate, based on factual allegations that must be accepted as true for purposes of this motion, while drawing all reasonable inferences in Kushner's favor. Kushner has alleged a bona fide religious belief conflicting with an employment requirement (Compl. ¶¶ 52,56); she has alleged that she informed her employer of this belief (*id.* ¶¶ 52,56); and she has alleged that she was disciplined for failing to comply with the conflicting employment requirement (*id.* ¶¶ 63,73). This is more than sufficient at the 12(b)(6) stage. *Cf. Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002) ("an employment discrimination plaintiff need not plead a prima facie case of discrimination"). All that is required is "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. The Complaint satisfies this low burden.

### 2. Defendant's Argument That Kushner Lacks A Bona Fide Religious Belief Is Improper On A Motion To Dismiss.

Defendant's first argument in support of its motion to dismiss is that Kushner lacks a bona fide religious objection to the COVID-19 vaccine. (Def. Memo. at 1, 6-8.) In making this argument, Defendant fails to assume the truth of Plaintiff's factual allegations and fails to draw reasonable inferences in Plaintiff's favor. When the Complaint is construed fairly in Kushner's favor, as it must be on a motion to dismiss, she has alleged a valid religious objection to the COVID-19 vaccine under Jewish law – "You should be very careful to protect your life" (Deuteronomy 4:15) – that is directly

10

analogous to the familiar objection in the Christian tradition that "my body is the temple of the Holy Spirit and I do not want to knowingly harm it by accepting an unclean vaccine." *See* Compl. ¶ 21 (quoting from Plaintiff Beickert's religious exemption letter). As such, this is a plausible religious objection.

Federal regulations promulgated by the U.S. Equal Employment Opportunity Commission provide that "[i]n most cases whether or not a practice or belief is religious is not at issue." 29 C.F.R. § 1605.1. The EEOC has further explained that "[g]enerally, under Title VII, an employer should proceed on the assumption that a request for religious accommodation is based on sincerely held religious beliefs, practices, or observances" and that "[t]he sincerity of an employee's stated religious beliefs, practices, or observances is usually not in dispute." *See* "What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws" (updated July 12, 2022), Section L.2 (available at www.eeoc.gov); *see Ford v. Bernard Fineson Dev. Ctr.*, 81 F.3d 304, 309 (2d Cir. 1996) ("The EEOC's interpretation of Title VII and its terms is afforded great deference.").

To the extent the DOE contends that the sincerity of Kushner's stated religious belief is in dispute, Plaintiff acknowledges that this is a legitimate area of inquiry. *See Philbrook v. Ansonia Bd. of Educ.*, 757 F.2d 476, 481-82 (2d Cir. 1985) ("it is entirely appropriate, indeed necessary, for a court to engage in analysis of the sincerity – as opposed, of course, to the verity – of someone's religious beliefs in both the free exercise context and the Title VII context") (internal citations omitted), *aff'd and remanded*, 479 U.S. 60 (1986). *But such inquiry is not appropriate on a motion to dismiss*, which simply asks whether the plaintiff has alleged a plausible claim for relief – which

11

Plaintiff has done here. Moreover, in *Philbrook*, the Second Circuit observed that "the burden on plaintiff [to prove sincerity] . . . is not a heavy one." *Id.* at 482. Kushner certainly meets this burden at the motion to dismiss stage.

Essentially, Defendant invites the Court to find that Kushner's stated religious belief was a sham, which is not proper on a motion to dismiss. As the First Circuit has explained: "The finding on this issue generally will depend on the factfinder's assessment of the employee's credibility." *Unión Independiente de la Autoridad de Acueductos y Alcantarillados de Puerto Rico*, 279 F.3d 49, 56 (1st Cir. 2002); *see also EEOC v. Abercrombie & Fitch Stores, Inc.*, 798 F. Supp.2d 1272, 1284-85 (N.D. Okla. 2011) ("the sincerity of a Title VII claimant's religious belief goes to credibility"), *rev'd*, 731 F.3d 1106 (10th Cir. 2013), *rev'd and remanded*, 575 U.S. 768 (2015). Credibility determinations, however, are beyond the scope of a 12(b)(6) motion. *See, e.g.*, *Palin v. New York Times Company*, 940 F.3d 804, 812 (2d Cir. 2019) (vacating the district court's grant of a motion to dismiss because it "relied on credibility determinations not permissible at any stage before trial").

In the case at bar, instead of accepting the truth of Kushner's religious objection to the COVID-19 vaccine, Defendant construes her exemption letter in the light most favorable to the DOE as "a personal or medical concern" (Def. Memo. at 7) and engages in a tendentious literary analysis of Kushner's biblical reference (Def. Memo. at 7 n.4). Ironically, the biblical translations provided by Defendant *support* Kushner's position: "For your own sake, therefore, be most careful . . ." and "Take ye therefore good heed unto yourselves . . . ." (*Id.*) Again, this is the same concept behind the Christian

12

teaching of the body as the temple of the Holy Spirit. This is a legitimate *religious* belief, not simply a personal or medical concern.

All of the cases cited by Defendant, but one, involved legal challenges to vaccination mandates for public school children (*Mason*, *Sherr*, *Check*, *Caviezel*), not requests for religious accommodations in the workplace. They are inapposite. The one employment case (*Marte*) is readily distinguishable because it involved a plaintiff who failed to allege *any* religious basis for her objection to the COVID-19 vaccine. In stark contrast, Kushner both informed her employer of her religious objection to the COVID-19 vaccine – "I am requesting an exemption from the COVID-19 required vaccination due to my religious beliefs . . . ." – and alleged such objection in the Complaint. Compl. ¶¶ 52,56; Exhibit A. This is sufficient for purposes of stating a claim for relief.

### 3. DOE's Failure To Engage In The Interactive Process Precludes Defendant's Challenge To The Bona Fides Of Kushner's Religious Objection To The COVID-19 Vaccination Policy.

Although not included in the statute or regulations, courts in this circuit have imposed an "interactive process" requirement for Title VII religious accommodation claims. This is a *mutual* requirement: "The process of finding a reasonable accommodation is 'intended to be an interactive process in which both the employer and the employee participate'." *Jamil*, 2017 WL 913601, at *10 (quoting *Elmenayer v. ABF Freight Sys.*, 98-CV-4061(JG), 2001 WL 1152815, at *5 (E.D.N.Y. Sept. 20, 2001) (citation omitted)).

As alleged in the Complaint, DOE utterly failed to engage in the interactive process with Kushner. Compl. ¶ 66. In particular, after Kushner submitted her exemption letter, DOE never followed-up with either an interview or questionnaire

13

asking her to explain her religious beliefs in more detail. It simply denied Kushner's request two days later. Nor did DOE follow-up after Kushner appealed to the arbitrator on the grounds that DOE "do[es] not have the right to deny me of my Constitutional right to practice my religious beliefs . . . ." Compl. ¶ 56.

DOE was on notice that Kushner was asserting a *religious* objection to the COVID-19 vaccination policy. To the extent DOE now is arguing that Kushner failed to articulate her objection adequately in her exemption letter, the fault lies with DOE for not *asking* Kushner to explain her religious beliefs during the interactive process. *See* 29 C.F.R. § 1605.2(c)(1) ("After an employee . . . notifies the employer . . . of his or her need for a religious accommodation, the employer . . . has an obligation to reasonably accommodate the individual's religious practices."). An employee is not required, in the first instance, to provide the employer with a comprehensive explanation of her religious beliefs. As the Seventh Circuit has explained:

> [A]n employee who wants to invoke an employer's duty to accommodate his religion under Title VII must give the employer fair notice of his need for an accommodation and the religious nature of the conflict. [citation omitted] At the same time, an "employer cannot shield itself from liability . . . by intentionally remaining in the dark." [citation omitted]
>
> An employee may say in so many words, "I need to take unpaid leave to comply with a religious duty." That would certainly be clear enough, but Title VII has not been interpreted to require adherence to a rigid script to satisfy the notice requirement. Quite the contrary: Title VII is a remedial statute that we construe liberally in favor of employee protection. Title VII, like the Americans with Disabilities Act, was written to deal with real communications between employees and managers, and the law expects both to be reasonable. The employee must make the request reasonably clear so as to alert the employer to the fact that the request is motivated by a religious belief. The employer, in turn, must be alert enough to grasp that the request is religious in nature. If the employer is not certain, managers are entitled to ask the employee to clarify the nature of this request.

*Adeyeye v. Heartland Sweeteners, LLC*, 721 F.3d 444, 450 (7th Cir. 2013).

In light of DOE's failure to engage in the interactive process with Kushner, Defendant should be precluded, on its motion to dismiss, from challenging her prima facie case with respect to the bona fides of her religious objection to the COVID-19 vaccination policy. *Cf. EEOC v. AutoNation USA Corp.*, 52 Fed. Appx. 327, 2002 WL 31650749, at *2 (9th Cir. Nov. 22, 2002) (affirming summary judgment to employer on religious accommodation claim where plaintiff "short-circuited the interactive process required by Title VII").[1]

### 4. Granting Kushner A Religious Exemption To The COVID-19 Vaccination Policy Would Not Have Caused An Undue Hardship.

In addition to arguing that Kushner lacks a bona fide religious objection to the COVID-19 vaccination policy, Defendant argues, in conclusory fashion, that granting her an exemption would have "imposed an undue burden on DOE's ability to maintain a safe environment for students, teachers, staff and others who work [at] or visit the school Kushner was assigned." (Def. Memo. at 1.) This is pure speculation and fear-mongering, unsupported by any allegations in the Complaint. On the contrary, in the Complaint Kushner alleges that "[i]t would not have caused an undue hardship on the conduct of DOE's business to grant Kushner the religious exemption." Compl. ¶ 69. More specifically, Kushner alleges:

- During the September 2020 to June 2021 school year, Kushner followed rigorous COVID-19 safety protocols, including: a daily health questionnaire; wearing a mask during the entire workday; social distancing to the extent

---

[1] If the Court finds that Plaintiff should have pleaded her religious beliefs in greater detail in the Complaint, beyond the explanation provided in her exemption letter, Plaintiff respectfully requests leave to file an amended complaint addressing this non-futile deficiency.

15

- feasible; regularly using hand sanitizer and sanitizing wipes on computers, telephones, and whiteboard markers; and beginning in September 2021, weekly COVID-19 testing – all of which were deemed adequate to mitigate the risk of catching or transmitting COVID-19 (Compl. ¶¶ 70,79);
- Nothing changed about the dangers of COVID-19 in the Fall 2021 to render these precautions ineffective (Compl. ¶ 80);
- Rates of hospitalizations and deaths under the "Delta" variant were declining by October 2021, and the "Omicron" variant, which became dominant in December 2021, is widely acknowledged to be less virulent than previous waves (Compl. ¶ 80);
- It was well-established by the Fall 2021 that the available COVID-19 vaccines do not prevent transmission of the virus (Compl. ¶ 83); and
- CDC data shows that middle school students are in the age group with the lowest risk of becoming seriously ill or dying from COVID-19 (Compl. ¶¶ 88-91).

In sum, there is no basis in the Complaint for DOE simply to assert, as an ipse dixit, that Kusher cannot "safely teach her students in person without being vaccinated." (Def. Memo. at 9.) Indeed, if Kushner could safely teach her students in person *for an entire school year* before the vaccination mandate was announced, she could have maintained the same level of safety after being granted a religious exemption. This would have imposed no undue hardship on DOE. Furthermore, DOE apparently granted exemptions to *hundreds* of employees, including teachers.

16

Compl. ¶ 72. At a minimum, there is a question of fact entitling Kushner to discovery on whether or not it would have been an undue hardship to grant *her* an exemption.

The cases cited by Defendant are distinguishable. (*See* Def. Memo. at 8-9.) *Broecker v. New York City Department of Education*, 585 F. Supp.3d 299 (E.D.N.Y. 2022), involved a group of unvaccinated DOE employees who challenged the DOE vaccination mandate on constitutional due process grounds and moved for a preliminary injunction (denied). *Kane v. De Blasio*, 21-CV-7863(NRB), 21-CV-8773(NRB), 2022 WL 3701183 (S.D.N.Y. Aug. 26, 2022), involved a group of unvaccinated DOE employees who challenged the DOE vaccination mandate on First Amendment grounds and moved for a preliminary injunction (denied). Notably, neither case involved Title VII failure to accommodate claims or addressed whether or not it would impose an undue hardship to grant a religious exemption to an individual teacher. Accordingly, the district courts' decisions in *Broecker* and *Kane* are neither on point nor controlling in the case at bar.

## CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss Plaintiff Kushner's claim should be denied in its entirety and her claim should be allowed to proceed on the merits.

Respectfully submitted,

/s/ *Steven M. Warshawsky*
_____

| | |
|---|---|
| Steven M. Warshawsky | Andrea Paparella |
| The Warshawsky Law Firm | Law Office of Andrea Paparella, PLLC |
| 118 North Bedford Road, Suite 100 | (pandemic mailing address) |
| Mount Kisco, NY  10549 | 4 Dunlap Street |
| (914) 864-3353 | Salem, MA  01970 |
| smw@warshawskylawfirm.com | (617) 680-2400 |
| | amp@andreapaparella.com |

Dated:  December 23, 2022

**EXHIBIT A**



STEPHANIE KUSHNER

New York Department of Education

September 20, 2021

RE: <u>Request for Religious Exemption</u>

To Whom It May Concern,

I am requesting an exemption from the COVID-19 required vaccination due to my religious beliefs. I observe the Jewish faith. It is taught that I should not take something in my body that has potential to adversely harm my health. (Deuteronomy 4:15 "You should be very careful to protect your life"). Therefore, I must care for my body and do nothing that I believe may jeopardize my health.

I believe longer term testing, as in other vaccine or drug releases, is necessary to adequately assure that the current vaccines are truly safe and effective to assure that the vaccine does not have the potential to adversely harm my health.

Please be assured that I take full responsibility for my health and that I will comply with any other preventive requirements such as COVID-19 testing, masks, etc. to maintain the safety in my school in order to continue my beloved profession - teaching the children of our great city. Please note, (see attached) I had a Negative COVID-19 PCR Rapid test on September 17, 2021.

Thank you for your understanding and consideration.

Sincerely,

Stephanie Kushner