22 CV 05265 (DLI) (VMS)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

EMÖKE BEICKERT and STEPHANIE KUSHNER,

                                 Plaintiffs,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                                 Defendant.

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT AS TO STEPHANIE KUSHNER**

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street, Second Floor*
*New York, New York 10007*

*Of Counsel*: Joseph B. Reynolds
Tel.:  (212) 356-2442

Matter No.: 2022-056278

## **ARGUMENT**

In her Memorandum of Law in Opposition to Defendant's Motion to Dismiss Her Claim ("Kushner Opposition"), Plaintiff, Stephanie Kushner, asserts that her alleged belief that she must "be very careful to protect your life" is a "valid religious objection" because it is "directly analogous" to Plaintiff Beickert's alleged religious objection that her body is a "temple of the Holy Spirit and I do not want to knowingly harm it by accepting an unclean vaccine." Id. at 10-11 (internal quotations omitted).

However, Beickert tied her objection to being vaccinated to her professed belief that all of the COVID-19 vaccines are "connected" in some manner with aborted fetal cells, which allegedly render her "complicit" with abortion which she believes is murder. See Compl. ¶21. Kushner did not identify any religious conflict with the requirement to be vaccinated. Rather, as the Complaint makes clear, Kushner's objection to being vaccinated is based entirely on safety concerns and her belief that "longer term testing . . . is necessary to ensure that the currently available COVID-19 vaccines are truly safe and effective . . . ." Id. ¶52. This allegation, even when accepted as true, on its face, does not identify an objection to being vaccinated that is related to Kushner's religion or religious beliefs.

Kushner's citation to 29 C.F.R. § 1605.1 offers no refuge because it merely states that "[i]n most cases whether or not a practice or belief is religious is not at issue." Id. at 11. This regulation does not require an employer or this Court to unquestioningly accept an employee's ipse dixit statement that she holds a religious belief. Indeed, Kushner does not dispute that it is insufficient for her to merely invoke Deuteronomy 4:15 to establish that she holds a religious belief against

1

being vaccinated.[1] See Mason v. Gen. Brown Cent. Sch. Dist., 851 F.2d 47, 51 (2d Cir. 1988) (asserting that one's belief is religious "does not [] automatically mean that the belief is religious"). Rather, she must show that her "espoused beliefs . . . in fact stem from religious convictions and have not merely been framed in terms of religious belief so as to gain the legal remedy desired." Sherr v. Northport-East Northport Union Free Sch. Dist., 672 F. Supp. 81, 94 (E.D.N.Y. 1987).

Kushner's citation to 29 C.F.R. § 1605.1 is further undermined by her concession that evaluating the bona fides or sincerity of her purported religious belief is appropriate. Kushner Opp. at 11. Here, there is no issue of fact or question of credibility (id. at 12) because Kushner's concern that "longer term testing . . . is necessary to ensure that the currently available COVID-19 vaccines are truly safe and effective . . . ." (Compl. ¶52) is, patently, not religious in nature. See Check v. N.Y.C. Dep't of Educ., 2013 U.S. Dist. LEXIS 71124, at *8 (E.D.N.Y. May 20, 2013) (plaintiff's "aversion to immunization . . . based on her conviction that vaccines pose a severe medical risk to her child's welfare" was not a "proper basis for a religious exemption"); Caviezel v. Great Neck Pub. Sch., 701 F. Supp. 2d 414, 430 (E.D.N.Y. 2010) (plaintiff's belief that "vaccinations may not be safe" was "not of a religious nature."). See also Marte v. Montefiore Med. Ctr., 2022 U.S. Dist. LEXIS 186884, at *9 (S.D.N.Y. Oct. 12, 2022) (plaintiff's allegation that she was "'unwilling to receive the COVID-19 vaccinations'" did not allege a religious belief). Beliefs, no matter how sincere, that are based on "secular or scientific principles" or that are "philosophical and personal" are not religious. See Mason, 851 F.2d at 52.

Other than baldly asserting that Mason, Sherr, Check, and Caviezel are inapposite because they involved vaccine mandates for school children, Kushner does not even attempt to distinguish

---

[1] As set forth in Defendant's motion to dismiss, Deuteronomy 4:15 does not state, as Kushner alleged, that "You should be very careful to protect your life."

these cases. See Kushner Opp. at 13. Kushner cannot distinguish these cases because the legal analysis is fundamentally identical: whether plaintiffs set forth a religious belief that entitled them to an exemption from a vaccination requirement. See Mason, 851 F.2d at 49 (challenging determination that opposition to immunization requirement was not "religiously based"); Check, 2013 U.S. Dist. LEXIS 71124, at *3 (disputing finding that plaintiff did not assert a religious belief to exempt her daughter from vaccination requirement); Caviezel, 701 F. Supp. 2d at 426 (plaintiffs asserted their sincere religious beliefs entitled them to exemption from requirement that their children be vaccinated before attending school); Sherr, 672 F. Supp. 81 (same). Like the plaintiff in Marte, 2022 U.S. Dist. LEXIS 186884, at *9, Kushner has not alleged a bona fide religious belief that conflicts with the requirement to be vaccinated and her Title VII claim should be dismissed.

      Kushner's argument that the DOE is precluded from challenging the bona fides of her alleged religious belief because it did not engage in the interactive process must be rejected because, as Kushner admits, the DOE was not required to offer her an accommodation until she established that she had a bona fide religious belief that conflicted with an employment requirement and informed the DOE of her bona fide religious belief. See Baker v. Home Depot, 445 F.3d 541, 546 (2d Cir. 2006) (if a plaintiff establishes a prima facie case, the employer must offer the employee a reasonable accommodation, unless doing so would cause an undue hardship). As demonstrated above, and as is patently clear, Kushner never articulated a religious belief that conflicts with the requirement to be vaccinated against COVID-19. As such, she was not entitled to an accommodation and the DOE was not required to engage in the interactive process.

      Assuming arguendo that Kushner articulated a religious belief, she still was not entitled to an accommodation because it would have imposed an undue burden on the DOE to permit Kushner

to return to an in-person school setting without being vaccinated. As the DOE stated in its opposition to Kushner's EEOC charge of discrimination, Kushner could not perform her essential teaching functions unvaccinated because allowing Kushner to "remain in school settings unvaccinated, even with other safeguards like masking and testing, would present an unacceptable risk to schoolchildren, staff, and others." Reynolds Decl. Exh. C at 5.[2] Kushner's "inability to teach [her] students safely in person presents more than a de minimis cost." Kane v. De Blasio, 2022 U.S. Dist. LEXIS 154260, at *38 (S.D.N.Y. Aug. 26, 2022) (emphasis in original).

Finally, the Court should reject Kushner's request for leave to plead her "religious belief in greater detail . . . beyond the explanation provided in her exemption letter[.]" Kushner Opp. at 15 n.1. In bringing this lawsuit, Plaintiffs are challenging decisions made by the DOE as being discriminatory in light of what they presented to DOE in seeking to be exempted by the city-wide vaccine mandate. It would be unfair and inappropriate for the Court to allow Kushner to fashion a new belief or new reasons that could arguably be considered to be religious that were never before presented or articulated to the DOE in Kushner's request for a religious accommodation.

## **CONCLUSION**

For the reasons set forth above and in Defendant's moving papers, the DOE respectfully requests that Kushner's claim be dismissed with prejudice and that the Court grant any such other and further relief as it deems just and appropriate.

---

[2] Kushner's assertion that it would not have been an undue burden to permit her to teach students while unvaccinated because she taught students "*for an entire school year* before the vaccination mandate was announced" is a red herring. Kushner Opp. at 16 (emphasis in original). The first COVID-19 vaccine was not approved by the FDA for persons aged 16 and older until August 23, 2021. See https://www.hhs.gov/coronavirus/covid-19-vaccines/index.html. Further, middle schools were only partially open for in-person learning for some months during the 2020-2021 school year. See https://www.nytimes.com/2021/09/13/world/reopening-timeline-nyc-schools.html.

Dated:  New York, New York
        December 30, 2022

                                      **HON. SYLVIA O. HINDS-RADIX**
                                      Corporation Counsel of the
                                         City of New York
                                      Attorney for Defendant
                                      100 Church Street, 2nd Floor
                                      New York, New York 10007
                                      (212) 356-2442
                                      jreynold@law.nyc.gov

                            By:    ***/s/* Joseph Reynolds**
                                      Joseph B. Reynolds
                                      Assistant Corporation Counsel