22 CV 05265 (DLI) (VMS)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

EMÖKE BEICKERT and STEPHANIE KUSHNER,

Plaintiffs,

v.

NEW YORK CITY DEPARTMENT OF EDUCATION,

Defendant.

## COMBINED MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT AND REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**MURIEL GOODE-TRUFANT**
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street, 2nd Floor*
*New York, N.Y. 10007*

*Of Counsel: Joseph B. Reynolds*
*Tel: (212) 356-2442*
*Matter No. 2021-014475*

Served on July 1, 2025

**TABLE OF CONTENTS**

|  | **Page** |
|---|---|

TABLE OF AUTHORITIES ......................................................................................... ii

PRELIMINARY STATEMENT ................................................................................... 1

ARGUMENT

      POINT I

            BEICKERT'S CROSS-MOTION FOR SUMMARY JUDGMENT MUST BE DENIED BECAUSE THE AVAILABILITY OF AN ACCOMMODATION IS IRRELEVANT TO THE ISSUE OF UNDUE HARDSHIP ................................................................. 1

      POINT II

            DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT ON ITS UNDUE HARDSHIP DEFENSE .................................................................................... 5

            A. Beickert has Conceded that Granting her Blanket Religious Exemption Request Would have Imposed an Undue Hardship on the DOE and that She could not have Performed the Essential Functions of her Job ............................................................. 7

            B. The Undisputed Facts Establish that the DOE Would have Suffered an Undue Hardship if it Granted Beickert's Blanket Religious Exemption Request .............................................................. 8

      CONCLUSION ............................................................................................. 12

**TABLE OF AUTHORITIES**

**Cases**                                                                                    **Pages**

Adamowicz v. Northwell Health Inc.,
    2024 U.S. Dist. LEXIS 43486 (E.D.N.Y. Mar. 11, 2024) ........................................................4

Beickert v. N.Y.C. Dep't of Educ.,
    2023 U.S. Dist. LEXIS 170719 (E.D.N.Y. Sept. 25, 2023).............................................10, 12

Cosme v. Henderson,
    287 F.3d 152 (2d Cir. 2002).......................................................................................2, 3, 6

CVS Pharmacy, Inc. v. Press Am., Inc.,
    377 F. Supp. 3d 359 (S.D.N.Y. 2019).......................................................................7

Does v. Hochul,
    2024 U.S. App. LEXIS 32305 (2d Cir. Dec. 20, 2024) ..............................................2

Efimoff v. Port of Seattle,
    2024 U.S. Dist. LEXIS 206340 (W.D. Wash. Nov. 13, 2024) ................................10

French v. Albany Med. Ctr.,
    2024 U.S. Dist. LEXIS 104192 (N.D.N.Y. June 12, 2024).....................................4, 10

Fugelsang v. Dep't of Educ. of N.Y.C.,
    2025 U.S. Dist. LEXIS 61440 (E.D.N.Y. Mar. 31, 2025)................................10, 11

Groff v. DeJoy,
    600 U.S. 447 (2023)...............................................................................................2, 6

Handverger v. City of Winooski,
    605 F. App'x 68 (2d Cir. 2015)..............................................................................2

Harris v. Montefiore Med. Ctr.,
    2024 U.S. Dist. LEXIS 170800 (S.D.N.Y. Sep. 20, 2024).......................................11

Kane v. DeBlasio,
    19 F.4th 152 (2d Cir. 2021) ...................................................................................5

Knight v. State Dep't of Pub. Health,
    275 F.3d 156 (2d Cir. 2001)...............................................................................2, 6

Mumin v. City of New York,
    2024 U.S. Dist. LEXIS 228994 (S.D.N.Y. Dec. 17, 2024) ....................................10

Parks v. Montefiore Med. Ctr.,
    2025 U.S. Dist. LEXIS 18995 (S.D.N.Y. Feb. 3, 2025)...........................................4

**Cases**                                                                                                                          **Pages**

Patane v. Nestlé Waters N. Am., Inc.,
    2025 U.S. Dist. LEXIS 109801 (D. Conn. June 9, 2025)............................................................7

Russo v. Patchogue-Medford Sch. Dist.,
    129 F.4th 182 (2d Cir. 2025) ................................................................................12

Russo v. Patchogue-Medford Sch. Dist.,
    2024 U.S. Dist. LEXIS 6908 (E.D.N.Y. Jan. 12, 2024) ........................................11

Scott v. JPMorgan Chase & Co.,
    2014 U.S. Dist. LEXIS 11691 (S.D.N.Y. Jan. 30, 2014)....................................... 7-8

We the Patriots USA, Inc. v. Hochul,
    17 F.4th 266 (2d Cir. 2021) ................................................................................4

<u>**PRELIMINARY STATEMENT**</u>

Plaintiff Emöke Beickert ("Beickert") filed a cross-motion for partial summary judgment ("Cross-Motion for Summary Judgment"), arguing that she is entitled to judgment on the New York City Department of Education's (sometimes referred to as "DOE" or Defendant) undue hardship defense. Beickert, however, does not meaningfully address or contest DOE's arguments that it would have suffered numerous undue hardships if it granted Beickert's request to be exempt from the Vaccine Mandate. Beickert instead argues that the DOE was required to offer her an accommodation and could have "accommodated her through remote work without undue hardship." Cross-Mot. Summ. J. at 2. As set forth below, this is an incorrect statement of the law. The DOE was not required to offer Beickert an accommodation if doing so would cause an undue hardship. Because the DOE was not obligated to offer Beickert an accommodation, Beickert's identification of an accommodation that she claims would not have caused an undue hardship is irrelevant. Further, because Beickert largely does not dispute the material facts in this case, the DOE is entitled to judgment as a matter of law on its undue hardship defense Accordingly, DOE's Motion for Summary Judgment should be granted, Beickert's Cross-Motion for Summary Judgment denied, and judgment entered for the DOE.

<u>**ARGUMENT**</u>

**POINT I**

**BEICKERT'S CROSS-MOTION FOR SUMMARY JUDGMENT MUST BE DENIED BECAUSE THE AVAILABILITY OF AN ACCOMMODATION IS IRRELEVANT TO THE ISSUE OF UNDUE HARDSHIP**

In her Cross-Motion for Summary Judgment, Beickert acknowledges that "[u]ndue hardship is an affirmative defense on which the employer bears the burden of proof . . . ." Cross-Mot. for Summ. J. at 1. Beickert also appears to acknowledge the recently enunciated

standard of undue hardship set forth in <u>Groff v. DeJoy</u>, 600 U.S. 447 (2023). <u>See</u> Cross-Mot. for Summ. J. at 11. Incredibly, however, Beickert argues that the DOE "cannot meet its burden of proof as a matter of law because it has proffered literally no evidence of undue hardship that is relevant to the case at bar." <u>Id</u>. at 1. Beickert asserts that the "starting point for analyzing" the parties' cross-motions for summary judgment is the "employer's statutory duty to accommodate an employee's religious beliefs under Title VII," which, in this case, is Beickert's claim that DOE "could have accommodated her through remote work without undue hardship." <u>Id</u>. at 2, 8.

The case law is crystal clear that employers are required to reasonably accommodate their employees' religious practices "**unless doing so would impose an undue hardship** on the conduct of the employer's business." <u>Groff</u>, 600 U.S. at 453-454 (internal citations and quotations omitted) (emphasis added). <u>See</u> <u>also</u> <u>Knight v. State Dep't of Pub. Health</u>, 275 F.3d 156, 167 (2d Cir. 2001) (same); <u>Cosme v. Henderson</u>, 287 F.3d 152, 158 (2d Cir. 2002) (same); <u>Handverger v. City of Winooski</u>, 605 F. App'x 68, 70 (2d Cir. 2015) (same). Stated differently, "an **employer does not violate Title VII if offering a reasonable accommodation 'would cause** the employer to suffer **an undue hardship**.'" <u>See</u> <u>Does v. Hochul</u>, 2024 U.S. App. LEXIS 32305, at *9 (2d Cir. Dec. 20, 2024) (quoting <u>Cosme</u>, 287 F.3d at 158). Thus, an employer is not required to offer any accommodation if doing so would cause an undue hardship. Any possible doubt about this is dispelled by the Second Circuit's decision in <u>Cosme</u>.

In <u>Cosme</u>, 287 F.3d at 157, the employee, in relevant part, challenged the district court's findings that the employer offered accommodations for his religious needs and that the proposed accommodations were reasonable. Undue hardship was not an issue. In arguing that the employer's proposed transfer was not reasonable, the employee argued that his schedule was

changed to force him to "suffer a seniority loss and compromise his religious beliefs." Id. at 161. In advancing this argument, the employee disputed the employer's claim that not changing the schedule would have required paying "overtime wages to make it work," arguing that the "use of overtime would have been rare and, therefore, would not have" caused the employer "to suffer any undue hardship." Id. (internal quotations omitted). The Second Circuit rejected this argument because the "issue of undue hardship is irrelevant to a claim of religious discrimination when considering whether a proposed accommodation is reasonable." Id.

Cosme makes clear that whether an employer's proposed accommodation was reasonable is separate from and totally irrelevant to the issue of undue hardship. When, as here, the DOE denied Beickert's religious exemption request because it would cause an undue hardship, the DOE was not required to offer Beickert an accommodation. The fact that Beickert has identified an accommodation that she speculates was available, reasonable, and could or should have been offered to her is, therefore, irrelevant to the DOE's undue hardship defense. Beickert's argument to the contrary either reflects a fundamental misunderstanding of the governing case law or is an ill-advised effort to mislead the Court to avoid her claim being dismissed because she has no evidence to rebut DOE's unrefuted evidence of undue hardship.[1] Either way, her argument must be rejected.

Even were the Court to consider Beickert's claim that she could have performed her job with a remote work accommodation, she still could not prevail for two reasons. First, it is undisputed that Beickert only requested to be "completely exempt from the COVID-19 vaccination requirement." Pl's 56.1 Counterstatement ¶57. However, "Title VII does not require

---

[1] Beickert's argument in this regard is particularly surprising because the very cases she cites plainly state that an employer is not required to accommodate an employee if it would cause an undue hardship. See Cross-Mot. for Summ. J. at 6-8.

covered entities to provide the accommodation that Plaintiffs prefer—in this case, a blanket religious exemption allowing them to continue working at their current positions unvaccinated." We the Patriots USA, Inc. v. Hochul, 17 F.4th 266, 292 (2d Cir. 2021); see also Adamowicz v. Northwell Health Inc., 2024 U.S. Dist. LEXIS 43486, at *16 (E.D.N.Y. Mar. 11, 2024) (same).

Second, Beickert's calculated decision to only request a religious exemption forecloses her from arguing that she either requested or should have been offered a remote work accommodation. In Adamowicz, 2024 U.S. Dist. LEXIS 43486, at *15, the court rejected plaintiffs' suggestion that they requested an accommodation to continue wearing masks and weekly testing when their "actual underlying accommodation . . . was a vaccine exemption." Finding plaintiff's attempt to "distinguish between 'accommodation' and 'exemption' unavailing," the court noted that plaintiffs' request for a blanket religious exemption was already addressed and rejected by the Second Circuit in We the Patriots. Id. at *16.

In French v. Albany Med. Ctr., 2024 U.S. Dist. LEXIS 104192, at *40 (N.D.N.Y. June 12, 2024), the court rejected plaintiff's argument that defendant did not discuss "whether she could be removed from her position and remain vaccinated" because plaintiff did not request such an accommodation. Rather, she requested the "same thing that the plaintiffs in We The Patriots requested: to remain unvaccinated and stay in her position . . . ." Id. The court concluded that plaintiff's "requested accommodation was not reasonable as it was a blanket exemption request which would have allowed her to continue interacting with staff and vulnerable patients while unvaccinated." Id. at *42. See also Parks v. Montefiore Med. Ctr., 2025 U.S. Dist. LEXIS 18995, at *9 (S.D.N.Y. Feb. 3, 2025) (dismissing initial Title VII failure to accommodate claim when plaintiff only requested a religious exemption and did not allege that he requested an accommodation, and denying amended failure to accommodate claim that alleged "two types of

4

specific accommodations that may have been available" because plaintiff did not allege that he requested those accommodations "at the time").

The foregoing cases establish that Beickert was not legally entitled to a blanket exemption from the Vaccine Mandate, a point Beickert does not contest. Moreover, Beickert cannot now claim that she should have been granted a remote work accommodation when she, undisputedly, never requested one from the DOE.[2]

## POINT II

### DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT ON ITS UNDUE HARDSHIP DEFENSE

Beickert proffers two principal arguments for why the DOE cannot establish undue hardship as a matter of law. First, Beickert states that because the "DOE applied the 'more than de minimis' standard when denying" her religious exemption request that it "cannot show – and no reasonable jury could find – that granting Beickert's religious exemption and allowing her to work remotely would have caused an undue hardship" in light of the standard articulated in Groff. Cross Mot. for Summ. J. at 12. Second, Beickert argues that the only evidence the DOE "relies on to show that a remote work accommodation would have caused an undue hardship is

_____

[2] Beickert's argument that she "expressly proposed a remote work accommodation in her appeal to the citywide panel" does not alter this conclusion because the DOE was, undisputedly, not involved, in any way, with appeals that were submitted to the Citywide Appeals Panel. See Reynolds Decl. Exh. B (Rodi Depo. Tr. at 42:12-43:8). In fact, the Citywide Appeals Panel was an independent entity comprised of representatives from three different City of New York agencies, none of which were the DOE. See Kane v. DeBlasio, 19 F.4th 152, 162, 176-77 (2d Cir. 2021). Until filing her Cross-Motion for Summary Judgment, Beickert never argued or even claimed that the Citywide Appeals Panel's decision violated Title VII. In fact, Beickert's Complaint only alleges that the DOE's decision to deny "her request for a religious exemption" from the Vaccine Mandate violated Title VII. See Compl. ¶93. That Beickert is not challenging the Citywide Appeals Panel's decision is also reflected by the fact that she never named or sought to add the City of New York as a party. It is particularly improper and prejudicial for Beickert to now claim that she is challenging the Citywide Appeals Panel's decision because the parties did not conduct any discovery about its decision. Consequently, the Court should not permit Beickert to pursue an entirely new theory of recovery that was not pled and for which the DOE was given no prior notice.

Rodi's conclusory denial that 'Ms. Beickert could not perform her job duties remotely.'" Id. at 15.

Beickert's claim that the DOE cannot prove undue hardship because it used the "more than de minimis standard" when it reviewed her blanket religious exemption request should be rejected because she does not cite any case law to support this conclusion. Further, as set forth below, the undisputed material facts compel the conclusion that DOE would have suffered an undue hardship as a matter of law.

Beickert's argument that the DOE is required to prove that allowing her to work remotely would have caused an undue hardship is totally incorrect. As set forth in Point I, supra, whether remote work was an available accommodation is totally irrelevant to the issue of whether the DOE would have suffered an undue hardship.[3] Whether Beickert's proposed remote work accommodation, which she never requested from the DOE, was reasonable is simply not at issue because the DOE denied Beickert's request for a religious exemption because it would have caused an undue hardship. An employer is not required to offer an accommodation if doing so would cause an undue hardship. See Groff, 600 U.S. at 453-454; Knight, 275 F.3d at 167; Cosme, 287 F.3d at 158. DOE is, therefore, not required to prove that allowing Beickert to work remotely would have caused an undue hardship.

Beickert's insistence on framing undue hardship in terms of whether the accommodation of her choosing was reasonable is an obvious attempt to avoid addressing the numerous undue hardships identified by DOE in its Motion for Summary Judgment. See Mot. Summ. J. at 4-11. This is because Beickert can neither contest nor dispute that DOE would have

---

[3] As also set forth in Point I, supra, this argument is foreclosed by the fact that Beickert never requested an accommodation of any kind; she only requested a blanket religious exemption to the Vaccine Mandate.

suffered numerous undue hardships if it was required to grant her request for a blanket religious exemption to the Vaccine Mandate. In fact, Beickert does not contest or even address these undue hardships. See Cross Mot. for Summ. J. at 2 (stating that she would not address the DOE's arguments of undue hardship). Beickert's calculated decision not to address the DOE's arguments of undue hardship requires the DOE's Motion for Summary Judgment be granted.

**A.      Beickert has Conceded that Granting her Blanket Religious Exemption Request Would have Imposed an Undue Hardship on the DOE and that She could not have Performed the Essential Functions of her Job**

Beickert chose not to contest or address any of the DOE's arguments concerning the undue hardships it faced when confronted with Beickert's blanket religious exemption request. See Cross Mot. for Summ. J. at 2. Specifically, Beickert did not contest or address the DOE's argument that granting her blanket religious exemption request would have endangered the safety of students and compromised the safety of the school environments where she worked, or that granting her blanket religious exemption would have imposed substantial administrative or financial burdens. See Mot. for Summ. J. at 4-6, 8-11. Beickert also did not contest or address the DOE's argument that her refusal to get vaccinated prevented her from performing the essential functions of her job. See id. at 7-8. By failing to address these arguments, Beickert has conceded them. See CVS Pharmacy, Inc. v. Press Am., Inc., 377 F. Supp. 3d 359, 383 (S.D.N.Y. 2019) (finding defendant conceded liability for breach of contract by failing to address it in opposition to plaintiff's motion for summary judgment); Patane v. Nestlé Waters N. Am., Inc., 2025 U.S. Dist. LEXIS 109801, at *9 (D. Conn. June 9, 2025) (noting that it is "well-established in this Circuit" that a party who fails to raise an argument in opposition to a motion for summary judgment forfeits it); Scott v. JPMorgan Chase & Co., 2014 U.S. Dist. LEXIS 11691, at *32 (S.D.N.Y. Jan. 30, 2014) (collecting cases for proposition that party may be deemed to have conceded an argument by failing to address it). The Court should, therefore, find that the DOE

7

has proven its defense of undue hardship and enter summary judgment in favor of the DOE. If the Court does not find that Beickert has conceded this issue, the DOE is nonetheless entitled to judgment on its undue hardship defense as a matter of law.

**B.      The Undisputed Facts Establish that the DOE Would have Suffered an Undue Hardship if it Granted Beickert's Blanket Religious Exemption Request**

The facts of this case are not materially in dispute. There is no dispute about Beickert's duties as a school psychologist when she was employed by the DOE, that her duties required regularly meeting or interacting with students, teachers, and administration in person, or that all of these duties were performed in-person on school campuses prior to the closure of schools due to the COVID-19 pandemic. See Pl's 56.1 Counterstatement ¶¶14-39, 44-45. There is no dispute that former Mayor de Blasio and DOE's former Chancellor announced that all DOE schools would fully re-open for in-person learning and that all teachers, school psychologists, and other staff were required to return to in-person learning at physical school campuses for the 2021-2022 school year. Id. ¶¶48-49. In connection with re-opening schools, the Vaccine Mandate was issued and it disallowed any adult person, including all DOE staff, from entering a school premises if they did not show proof of vaccination. Id. ¶53. The Vaccine Mandate was issued pursuant to CDC guidance that vaccination was an effective tool to prevent the spread of COVID-19 and pursuant to the CDC's recommendation that schoolteachers and staff be vaccinated as soon as possible because it was the "most critical strategy" to allowing schools to safely re-open. Id. ¶¶51-52, 65.

It is undisputed that the DOE received approximately 3,300 requests for a religious exemption from the Vaccine Mandate and it was required to exempt approximately 170 employees through the arbitration process or Citywide Appeals Panel. Id. ¶¶66-67. For the unvaccinated employees it was required to exempt, the DOE had to engage in a multi-step

process to provide a physical off-site location because they were not permitted to physically be on a school campus. Id. ¶¶68-69. In addition, because most unvaccinated employees could not perform their jobs remotely, the DOE had to find administrative work for them to perform, train them to perform the administrative work, assign employees to supervise, provide equipment and supplies, pay these employees their regular salary even though they were not performing the job they were hired for, and had to hire and train vaccinated temporary employees to perform the essential in-person and school based functions of these unvaccinated employees. SUF ¶71; Pl's 56.1 Counterstatement ¶¶72-75. It is further undisputed that the DOE could neither create nor find enough administrative work to assign to these unvaccinated employees, and the DOE was forced to pay them their regular salary while performing minimal work. Pl's 56.1 Counterstatement ¶72.

Finally, it is undisputed that COVID-19 is a contagious airborne disease that killed "a lot of people." Id. ¶55. In re-opening schools, the DOE was concerned about ensuring and maximizing the health and safety of its teachers, staff, administration, and most importantly, the unvaccinated students. Id. ¶76. This is because most students were not eligible to receive any of the COVID-19 vaccinations and there was "a lot of uncertainty" about the seriousness of COVID-19 on children. Id. ¶¶56, 64. Pursuant to the Vaccine Mandate, the DOE could not allow unvaccinated teachers, staff, or administration members (including Beickert) to physically be near or in close contact with unvaccinated students because of the risks associated with COVID-19. Id. ¶77. Beickert, if permitted, would have happily returned to work unvaccinated and in-person as a school psychologist. Id. ¶60.

The foregoing undisputed facts establish that granting Beickert's blanket religious exemption request and allowing her to perform her job unvaccinated and in-person would have

endangered the health and safety of the students she was supposed to serve, as well as compromised the safety of the school environments where she worked. Numerous courts have found that increased health risks impose an undue hardship.

In Beickert v. N.Y.C. Dep't of Educ., 2023 U.S. Dist. LEXIS 170719, at *14 (E.D.N.Y. Sept. 25, 2023), this Court found that "Kushner's unvaccinated presence" would have imposed an undue hardship because it created a "health and safety risk that would have prevented the DOE from fostering a safe education and work environment when COVID-19 vaccinees had become available." Similarly, in Fugelsang v. Dep't of Educ. of N.Y.C., 2025 U.S. Dist. LEXIS 61440, at *8-10 (E.D.N.Y. Mar. 31, 2025), the court dismissed a Title VII failure to accommodate claim because the "hardship that the presence of unvaccinated employes would pose for the DOE has been well-documented by courts in this circuit." In French, 2024 U.S. Dist. LEXIS 104192, at *42, the court concluded that plaintiff's "blanket exemption request which would have allowed her to continue interacting with staff and vulnerable patients while unvaccinated . . . would have caused an undue hardship . . . ." See also Mumin v. City of New York, 2024 U.S. Dist. LEXIS 228994, at * (S.D.N.Y. Dec. 17, 2024) (finding undue hardship where DOC's denial letter identified the particular hardships with allowing the unvaccinated plaintiff to work in close contact with other officers, medical staff, and the vulnerable incarcerated population); Efimoff v. Port of Seattle, 2024 U.S. Dist. LEXIS 206340, at *28-29 (W.D. Wash. Nov. 13, 2024) ("courts have found an undue hardship if the proposed accommodation would cause or increase safety risks . . . .").

In addition to the increased health and safety risks, there is no dispute that Beickert was required to perform her school psychologist duties in-person, pursuant to former Mayor de Blasio and the DOE's former Chancellor's announcement that schools would fully re-

open for in-person learning and that all teachers, school psychologists, and other staff were required to return to physical school campuses. Pl's 56.1 Counterstatement ¶¶48-49. There is also no dispute that Beickert could not perform her duties as a school psychologist in-person while unvaccinated because the Vaccine Mandate required she be excluded from school premises. Id. ¶53. The DOE, therefore, properly denied Beickert's request for a religious exemption because she would not have been able to perform the essential functions of her job. See Harris v. Montefiore Med. Ctr., 2024 U.S. Dist. LEXIS 170800, at *7 (S.D.N.Y. Sep. 20, 2024); Russo v. Patchogue-Medford Sch. Dist., 2024 U.S. Dist. LEXIS 6908, at *16 (E.D.N.Y. Jan. 12, 2024); Fugelsang, 2025 U.S. Dist. LEXIS 61440, at *7.

Finally, there is no dispute about the numerous administrative and financial burdens the DOE would have suffered if it was required to grant Beickert's blanket religious exemption request. The DOE would have had to find an off-campus physical location for Beickert to work, locate administrative work for Beickert to perform, train her how to perform said work, provide her with equipment and supplies, assign an employee to supervise her, pay Beickert her full, regular salary for performing administrative work even though that was not the job she was hired to perform, and also hire and train a temporary vaccinated employee to perform Beickert's duties as a school psychologist. This is sufficient to establish undue hardship. See e.g., Russo, 2024 U.S. Dist. LEXIS 6908, at *17 ("allowing Plaintiff to work remotely while delegating her in-person responsibilities to other employees would also have caused Defendant an undue hardship, as shown by the fact that Defendant hired a temporary employee to cover Plaintiff's job and paid that employee a salary of more than $68,000.") (affirmed by Russo v. Patchogue-Medford Sch. Dist., 129 F.4th 182, 186 (2d Cir. 2025)); and Beickert, 2023 U.S. Dist. LEXIS 170719, at *16 (finding the DOE would have incurred an "undue burden and hardship" if

11

it granted Kushner to work remotely because the "DOE would be required to hire another person to be present physically in the classroom to supervise these special education students and address any issues that required in-person intervention.").

## **CONCLUSION**

For all of the reasons set forth above and in its Motion for Summary Judgment, DOE respectfully requests the Court grant its Motion for Summary Judgment, deny Plaintiff's Cross-Motion for Summary Judgment, enter judgment for the DOE, award DOE its costs, and award the DOE any such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            July 1, 2025

> **MURIEL GOODE-TRUFANT**
> Corporation Counsel of the
>   City of New York
> Attorney for Defendant
> 100 Church Street, 2nd Floor
> New York, New York  10007
> T:  (212) 356-2442
> E:  jreynold@law.nyc.gov
>
>
> By:      _____/s/_____
>          Joseph B. Reynolds
>          Assistant Corporation Counsel